IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN COX, as the Special Administrator of the Estate of Charles Jernegan, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in His Individual and Official Capacities, et al.,<br><br>Defendant. | Case No. 11-CV-457-JED-FHM |

## OPINION AND ORDER

Defendants' Correctional Healthcare Management of Oklahoma, Inc., Correctional Healthcare Companies, Inc., Correctional Healthcare Management, Inc., Faye Taylor and Sara Sampson's and Non-Parties, Pam Hoisington and Christina Rogers' *Motion for a Protective Order* [Dkt. 226] is before the court for decision. Plaintiff has filed a Response [Dkt. 253], and Defendants have filed a Reply [Dkt. 264].

Defendants seek a protective order based upon Plaintiff's communication with former employees of Defendants' without Defendants' permission which Defendants contend violates Rule 4.2 of the Oklahoma Rules of Professional Conduct. Defendants assert that the Tenth Circuit in *Weeks v. Independent School Dist. No. I-89 of Oklahoma County, OK., Bd. of Educ.,* 230 F.3d 1201 (10th Cir. 2000) clearly extended the protection from *ex parte* communications with current employees to include former employees in federal cases.

Plaintiff responds that *ex parte* communications with Defendants' former employees does not violate Rule 4.2. *Fulton v. Lane,* 829 P.2d 959, 960-61 (Okla. 1992). See also

*Goodeagle v. United States,* 2010 WL 3081520 (W.D. Okla., 2010), *Aiken v. Business and Industry Health Group, Inc.,* 885 F.Supp.1474 (D.Kan., 1995)

The Oklahoma Supreme Court clearly held in *Fulton* that Rule 4.2 does not prohibit *ex parte* communications with former employees.  Contrary to Defendants' argument, *Weeks* did not alter the rule concerning former employees in federal cases.

Defendant's *Motion for a Protective Order* [Dkt. 226] is DENIED.

IT IS SO ORDERED this 23rd day of May, 2013.

*(signature)*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE