**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CAROLYN COX, as the Special Administrator of the Estate of Charles Jernegan, Deceased,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**VIC REGALADO, Sheriff of Tulsa County,**<br><br>        **Defendant.** | **Case No. 11-CV-00457-SEH-SH** |

## <u>OPINION AND ORDER</u>

In February 2019, an agreed judgment awarded Plaintiff $350,000 in full settlement of this matter, inclusive of attorney's fees and costs. [ECF No. 373]. In July 2019, Plaintiff's attorneys released their attorney's lien. [ECF No. 374]. Now before the Court is Plaintiff's *pro se* motion requesting disgorgement of attorney's fees and other miscellaneous relief. [ECF No. 377]. For the reasons explained below, Plaintiff's motion is denied.

A final judgment entered in this case on February 20, 2019. [ECF No. 373]. A final judgment "terminates all matters as to all parties and all causes of action." *See Utah v. Norton,* 396 F.3d 1281, 1286 (10th Cir. 2005) (citations and internal quotation marks omitted). Thus, unless the case is reopened, no motion other than a motion for relief from judgment under Rule 60(b) is

appropriate. *See Pemberton v. Patton*, 757 F. App'x 689, 691–92 (10th Cir. 2018) (affirming district court's denial of motions filed in a closed case). Accordingly, Plaintiff may not proceed on her motion in this closed case.

Even liberally construing Plaintiff's *pro se* motion as one for relief from judgment under Rule 60(b), it is denied. Rule 60(b) sets forth six possible grounds upon which one may move for relief from a judgment. Nothing in Plaintiff's motion suggests that she can satisfy any of these six criteria. Plaintiff cannot satisfy the condition that motions made pursuant to Rule 60(b)(1), (2), and (3) must be made no more than a year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). Further, motions made under Rule 60(b)(4), (5), and (6) must be made "within a reasonable time." *Id.* Nothing in the record or in Plaintiff's motion supports the conclusion that an approximate 7-year delay after judgment is reasonable. *See In re Clemmons*, 279 F. App'x 648, 651 (10th Cir. 2008) (delay of 15 years after entry of judgment was not reasonable for filing motion under Rule 60(b)(6)); *Thompson v. Workman*, 372 F. App'x 858, 861 (10th Cir. 2010) (permitting a Rule 60(b) motion filed 8 years after the district court's judgment would not have been reasonable); *United States v. Taylor*, 295 F. App'x 268, 270 (10th Cir. 2008) (finding motion untimely and that it was "immaterial" under which section of Rule 60(b) the motion was brought, in light of it being filed nearly 10 years after the district court entered its final order). Moreover,

under Rule 60(b)(6), a movant must show "extraordinary circumstances" to justify the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted).

To the extent Plaintiff seeks relief relating to events that have occurred since the closing of this case, she may file a new complaint by opening a new case with the appropriate filing fee. *See Pemberton*, 757 F. App'x at 692 (after failing to reopen a case, a plaintiff "may file a new complaint (and any subsequent motions) only by opening a new case with the appropriate filing fee"); *Sharp v. Ritter*, 415 F. App'x 944, 944–45 (10th Cir. 2011) ("A Rule 60(b) motion, of course, is not the proper vehicle for launching fresh and unrelated claims for relief … [such claims] must be brought, if at all, in a new [case].").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for disgorgement of fees [ECF No. 377] is DENIED.

DATED this 6th day of April, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

3